**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Yehuda Genger, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-v.-<br><br>Capital Management Services, LP,<br><br>　　　　　　　　　　Defendant(s). | Case. No.:<br><br>**CLASS ACTION COMPLAINT<br>DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Yehuda Genger ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Capital Management Services, LP. ("Capital" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

　　　　1.　　　　The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

　　　　2.　　　　The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

1

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

3. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Kings.

9. Defendant Capital is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 698 ½ South Ogden Street, Buffalo, NY 14206-2317.

10. Defendant Capital. is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals with addresses in the State of New York;

b. to whom Defendant Capital. sent a collection letter;

c. attempting to collect a consumer debt;

d. offering a settlement offer wherein the proposed payment schedule is more than the percentage discount;

e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims

arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to May 10, 2022, Plaintiff allegedly incurred an obligation to Discover Bank.

22. The obligation arose out of a transaction involving a debt to Discover Bank in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal, household or family purposes.

23. The alleged Discover Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Discover Bank is a "creditor" as defined by 15 U.S.C. § 1692a (4).

25. Upon information and belief, Discover Bank contracted with the Defendant to collect the alleged debt.

26. Defendant Capital collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – May 10, 2022 Collection Letter*

27. Sometime after May 10, 2022 Defendant sent the Plaintiff a dunning letter regarding the alleged debt owed to Discover Bank. See Letter attached as Exhibit A.

28. The Letter alleged the Amount of Debt owed to Discover was $2842.05.

29. The Letter offered Plaintiff a "***********40% SETTLEMENT OFFER*********" on the debt. (emphasis within)

30. The Letter further explained the terms of the settlement as follows:

   i. Capital Management Services L.P. has been engaged by DISCOVER Bank, and is authorized to accept less than the full balance on the above mentioned account. The settlement offer shall be in the total amount of $1136.83 to be paid as outlined below. First payment must be received by the first due date to show acceptance of this offer.

31. Per the Letter, the least sophisticated consumer would be lead to believe that the 40% settlement offer requires him/her to pay only $1136.83 in order to satisfy the debt.

32. The Letter the provided Plaintiff with a payment schedule to accept the offer.

| Installments | Amount | Due Date | Installments | Amount | Due Date |
|---|---|---|---|---|---|
| 1 | $1136.83 | 05/24/2022 | 9 | $127.73 | 11/30/2022 |
| 2 | $127.73 | 04/30/2022 | 10 | $127.73 | 12/31/2022 |
| 3 | $127.73 | 05/31/2022 | 11 | $127.73 | 01/31/2023 |
| 4 | $127.73 | 06/30/2022 | 12 | $127.73 | 02/28/2023 |
| 5 | $127.73 | 07/31/2022 | | | |
| 6 | $127.73 | 08/31/2022 | | | |
| 7 | $127.73 | 09/30/2022 | | | |
| 8 | $127.73 | 10/31/2022 | | | |

33. Per the Letter's payment schedule Plaintiff is to make a one-time payment for the full balance of the settlement offer by May 24, 2022 followed by eleven payments of $127.73.

34. The total of all payments is $2,541.86 which represents almost the entirety of the total debt obligation and is much higher than the 40% settlement offer indicated on the Letter.

35. The Letter states that "[f]irst payment must be received by the first due date to show acceptance of this offer."

36. This statement is misleading, deceptive and confusing to the least sophisticated consumer because it is unclear what constitutes the first payment.

37. Per the payment schedule, the first payment is listed as $1136.83 due 5/24/2022 whereas the second payment of $127.73 is due 4/30/2022.

38. The payment schedule is misleading, deceptive and confusing as to which payments must be made in order for the account to be considered accepted and/or settled.

39. The Letter offers a 40% settlement offer in the amount of $1136.83, however, the installment schedule leads the least sophisticated consumer to a payment arrangement whereby they pay $2541.86.

7

40. The Letter invites the least sophisticated consumer to make monetary payments over what Defendant is willing to accept. These additional payments could be allocated by the least sophisticated consumer to other bills or accounts.

41. Due to Defendant's actions, Plaintiff expended time, money, and effort in determining the proper course of action.

42. Plaintiff suffered emotional harm due to Defendants' improper acts.

43. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

44. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

45. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately dispute the debt.

46. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

47. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

48. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

49. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats the above allegations as if set forth here.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant deceptively and/or misleadingly made a settlement offer then provided a payment schedule wherein the Plaintiff would be paying almost the full balance of the debt, in violation of § 1692e and § 1692e (10).

54. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

55. Plaintiff repeats the above allegations as if set forth here.

56. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

57. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

58.     Defendant violated this section by making a settlement offer then provided a payment schedule wherein the Plaintiff would be paying almost the full balance of the debt.

59.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

60.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yehuda Genger, individually and on behalf of all others similarly situated, demands judgment from Defendant Capital Management Services L.P., Inc. as follows:

61.     Certifying that this action may be maintained as a class action including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

62.     Awarding an incentive award to Plaintiff for her services on behalf of the Class;

63.     Awarding Plaintiff and the Class statutory damages 15 U.S.C. § 1692k(a)(2);

64.     Awarding Plaintiff and the Class actual damages;

65.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

66.     Awarding pre-judgment interest and post-judgment interest; and

67. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 1, 2022    Respectfully Submitted,

**Stein Saks, PLLC**

/s/*Alla Gulchina*
Alla Gulchina
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500
F. (201) 282-6501
agulchina@SteinSaksLegal.com

*Attorneys for Plaintiff*